CATHERINE M. LOEBEL, Respondent, *v.* CHARLES LOEBEL, Appellant.

First Department, February 3, 1933.

*Gertrude K. Schwartz,* for the appellant.

*Louis L. Schwartz* of counsel [*Arnstein & Levine,* attorneys], for the respondent.

MARTIN, J. On July 30, 1932, an order was entered by a justice sitting in Special Term, Bronx county, on a motion to punish the defendant, appellant, for contempt, for failure to pay arrears of alimony amounting to $166. The court fined the appellant for contempt but granted him permission to purge himself by paying two dollars each week on account of the fine in addition to the current alimony.

The appellant accepted the terms of the order and for eight weeks paid two dollars on account of alimony in arrears and eight dollars current alimony. He then attempted to tender two dollars per week, and moved by order to show cause for an order vacating any commitment which might have been obtained or, in the alternative, staying the plaintiff from applying for a commitment order or taking any proceedings thereunder so long as he paid two dollars per week. The motion was denied. The appellant now contends that the original order is invalid because it attempted to adjudicate with reference to future alimony.

On September 6 and 7, 1932, the defendant, appellant's attorney tendered checks for two dollars to plaintiff's attorneys as advance payment of installments of said fine due for the week beginning October 11, 1932. The plaintiff's attorneys refused to accept the checks, claiming that defendant was in default for failure to pay " current alimony " together with the fine.

The plaintiff does not dispute that the installments of the fine were duly tendered by the defendant as a compliance with the contempt order. The order of commitment directed to the sheriff of Bronx county is for the balance of $150, the arrears due on said fine as of the date of entry of the order fixing the amount thereof.

The defendant, appellant, contends that the provision in the contempt order dated July 30, 1932, for his commitment is for a future default in the payment of " current alimony " and is in excess of the court's authority and, therefore, void; that he cannot be held in contempt for default in the payment of current alimony until he is adjudged to be in contempt.

The order of July 30, 1932, provided as follows:

" Ordered, that the defendant herein may purge himself of contempt by the payment of the sum of $2.00 per week on account of said fine of $166.00 herein imposed in addition to current alimony, and it is further

" Ordered, that should default be made in any installment of the

fine, together with the current alimony that a commitment issue *ex parte* on such default, directed to the Sheriff of the County of Bronx, or the Sheriff of any other county wherein the said defendant may be found, committing the said defendant to the County Jail of said County wherein he may be found, and there to remain in close custody of said Sheriff until the defendant pay the amount of the fine, together with the Sheriff's fees and expenses of execution, or until the defendant be discharged according to law."

There is a clear distinction between those cases which adjudicate with reference to future alimony and those in which an order is made with reference to past due alimony permitting the payment thereof in installments each week with the weekly alimony.

If, to avoid being committed because of the non-payment of past due alimony, a party accepts the conditions imposed in an order and proceeds in conformity therewith, accepting such a favor, it is proper that upon his failure to comply with the terms thereof he should be committed, not for the failure to pay the alimony which accrued since the order was entered, but because of his failure to comply with the terms of the original order which he accepted. When he is adjudged guilty of contempt under such circumstances, he may be committed for failure to pay the past due alimony which he had agreed to pay in installments with alimony as it became due each week. He cannot be committed for non-payment of future alimony or for non-payment of any alimony past due unless adjudged guilty of contempt after it becomes due.

The court at Special Term did not adjudicate with reference to future alimony, but stated the terms upon which the appellant might pay his fine and thereby purge himself of contempt. Unless the terms are unreasonable the party found to be in contempt is bound to comply therewith. If dissatisfied with such terms, he may appeal therefrom and on appeal show that the order is improper or unreasonable.

It has frequently been held by this court that a party who accepts the terms of an order and fails to appeal therefrom, may not on a subsequent appeal obtain a reversal because he is dissatisfied with the first order from which no appeal was taken.

The order should be affirmed, with twenty dollars costs and disbursements.

Finch, P. J., O'Malley, Sherman and Townley, JJ., concur.

Order affirmed, with twenty dollars costs and disbursements.