■ RENEE BLAUNER, Respondent, v RICHARD BLAUNER, Appellant.— Order, Supreme Court, New York County, entered June 30, 1975, which granted the plaintiff's motion to confirm the report of the referee, adjudged defendant in contempt of his failure to pay $3,578.75 in child support, with leave to purge himself, ordered a counsel fee and denied defendant's cross motion for reduction of support payments, unanimously modified, on the law and the facts, to the extent of deleting from the third decretal paragraph the requirement that defendant be required to pay all other amounts due under the divorce decree in order to purge himself and of deleting the last decretal paragraph in its entirety, and, as so modified, affirmed, without costs and disbursements. Initially, it is noted that the last decretal paragraph of the order appealed from which directs denial of defendant's cross motion for reduction of support payments should be deleted. Special Term denied defendant's cross motion for downward modification of the support payments by order entered August 2, 1974. Defendant's subsequent application to reargue was denied on or about September 7, 1974 insofar as this cross motion was concerned. Consequently, it was not before Special Term and was not referred to the Special Referee. The order appealed from improperly and unnecessarily includes the prior disposition of the cross motion and the deletion of this matter comports with sound and proper procedure. Special Term also directed that the arrears of $3,578.75 were to be repaid at the rate of $200 per month and, in addition, required defendant to pay all future support payments in order to purge himself of contempt. Any imposed condition to permit defendant to purge himself of the contempt should have been restricted to the amount for which he was found to be in arrears (see *Loebel v Loebel,* 237 App Div 591). Therefore, the third decretal paragraph of the order appealed from should be limited to the direction that the defendant may purge himself of contempt by paying the arrears at the rate of $200 per month and the language directing him to pay in addition all other amounts that he is required to pay should be deleted. Defendant's remaining contentions are without merit. He proffered no legal excuse for his failure to appear at the hearing before the Special Referee. Having ascertained the large amount of arrears and with due regard to the rights of the wife and children, the referee on this record was correct in conditioning the grant of an adjournment upon a good faith payment of $1,000 by defendant toward such arrears. The claim of denial of due process averred by defendant is patently not supported by the record. Settle order on notice. Concur—Murphy, J. P., Lupiano, Birns, Lane and Nunez, JJ.